**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
|     **10 S. Howard Street, 3rd Floor** | ) | |
|     **Baltimore, Maryland 21201** | ) | |
| | ) | |
|        **Plaintiff,** | ) | **COMPLAINT AND JURY TRIAL** |
| | ) | **DEMAND** |
| | ) | |
|        **v.** | ) | |
| | ) | |
| **VOLVO GROUP NORTH AMERICA, LLC** | ) | **Civil Action No.** |
|     **3302 Pennsylvania Avenue** | ) | |
|     **Hagerstown, MD 21742** | ) | |
| | ) | |
|        **Defendant.** | ) | |
| | ) | |

---

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Files ("Files"), who was adversely affected by such practices.  As alleged with greater particularity below, the Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Volvo Group North America, LLC ("Defendant" or "Volvo") failed to hire Files because he is a recovering drug addict participating in a supervised rehabilitation program.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Maryland and the City of Hagerstown, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Files filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.

8.     On August 7, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.      On September 22, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

13.     Since at least February 9, 2015, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) by failing to hire Files because he is a recovering drug addict participating in a supervised rehabilitation program.

   a. Files is a recovering drug addict who has been enrolled in a supervised medication-assisted treatment programs (MAT) since at least 2010.  He has not used illegal drugs since 2010 and undergoes monthly counseling and urine testing to prevent relapse.  His use of suboxone is directly related to the treatment of his addiction.

3

b. Prior to enrolling in the treatment program, Files was dependent on opioids (e.g., oxycodone) and heroin for approximately five years. His addiction interfered with several major life activities including his ability to concentrate and think clearly, his ability to eat and sleep regularly, and his impeded his interactions with others, including his family.

c. From 2011 to 2013, while enrolled in the MAT program, Files worked as a dockworker/forklift operator, where he operated heavy machinery, including a forklift. From June 2013 to 2015, he was a sanitation worker, where he operated a trash compactor – a tool used to reduce the size of waste material through compression.

d. On or around October 14, 2014, Files applied for employment with Defendant for an hourly manufacturing (flex-worker) position.  Defendant interviewed him around February 3, 2015, and offered him employment with a February 9, 2015 start date, contingent upon his successful completion of a post-offer, pre-employment physical exam, drug screen, and background check.  During Files's post-offer physical exam he disclosed to Defendant-employee, a nurse, that he was taking suboxone.  She responded that his use would be a problem because Defendant viewed suboxone as a narcotic worse than heroin.  On February 9, 2015, Defendant's human resources representative informed Files that it would be unable to hire him because of his suboxone use.

14.     At all relevant times, Files was qualified to perform the essential functions of Defendant's manufacturing (flex-worker) position.

4

15.     At all relevant times, Files was a person with an actual disability as defined in 42 U.S.C 12102(2).

16.     At all relevant times, Files had a record of a disability based upon his five-year drug addiction.

17.     At all relevant times, Defendant regarded Files as having a disability based on his suboxone use.

18.     The effect of the practices complained of in paragraphs 13 above has been to deprive Files of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of his actual disability, record of disability, and being regarded as having a disability.

19.     The unlawful employment practices complained of in paragraph 13 above were intentional.

20.     The unlawful employment practices complained of in paragraphs 13 above were done with malice or with reckless indifference to the federally protected rights of Files.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B.     Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

5

C.      Order Defendant to make whole Files by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D.      Order Defendant to make whole Files by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

E.      Order Defendant to make whole Files by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Files punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733  (phone)
(410) 962-2221 (fax)