IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>  v.<br><br>Volvo Group North America, LLC,<br><br>    Defendant. | Civil Action No. 1:17-cv-02889-GLR |

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, Volvo Group North America, LLC ("Defendant" or "Volvo") alleging that Defendant unlawfully discriminated against Michael Files when it failed to hire him because he is a recovering drug addict in a medication-assisted treatment program, in violation of Sections 102(a) of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12112(a).

The parties desire to resolve this action without the time and expense of continued litigation, and to formulate a plan to be embodied in a Decree, which will promote and effectuate the purposes of the ADA. Nothing in this Decree shall be construed as an admission of wrongdoing or liability by Volvo or any of its owners or employees.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the pleadings and the record as a whole, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanated from the Charge of Discrimination filed by Michael Files. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case.

## Relief to Michael Files

4. Within thirty (30) business days of entry of this Decree, Defendant shall pay Michael Files monetary relief in the total amount of $70,000, representing $50,821.05 in back pay plus interest and $19,178.95, in compensatory damages. Defendant shall administer proper withholdings from the back pay portion for taxes and required employee contributions for FICA and Medicare. No employee taxes shall be withheld from the portion of the payment representing compensatory damages. The checks will be sent directly to Files at an address to be provided by the Commission, and a photocopy of the checks and related correspondence will be mailed to Trial Attorney Chioma Chukwu in accordance with Paragraph 18 below. Defendant will issue to Files an IRS Form 1099 for the 2018 tax year for the compensatory damages amounts paid to him and a Form W-2 for the back pay paid to him. Files shall

supply Defendant with all required tax forms, including but not limited to a completed Form W-4 and Form W-9.

## Injunctive Relief

5. Defendant, its officers, agents, servants, employees and all persons acting or claiming to act on its behalf and interest are hereby enjoined from denying employment opportunities to qualified individuals with disabilities and violating the provisions of Title I of the ADA, including the following provision:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . and other terms, conditions, and privileges of employment.

ADA, Title I, Section 102(a). Specifically, Defendant shall not refuse to hire or otherwise exclude or disqualify any applicant from employment with Defendant based on an applicant's use of prescription medications so long as the applicant demonstrates that he or she: (a) has a valid prescription for such medication; (b) uses the medication as directed by his or her physician or other healthcare professional; and (c) does not pose a threat to his or her own safety or the safety of others as a result of using the prescribed medication and is otherwise qualified for the role. To the extent Defendant suspects that an applicant's lawful use of prescription medication may pose a threat to the applicant or others in the workplace, Defendant will assess, through the ADA's interactive process, the extent to which that threat constitutes a "direct threat" as defined under the ADA and, if so, whether any available reasonable accommodations would reduce the safety risk to an acceptable level.

## Written Policies & Procedures

6. Within sixty (60) business days from the entry of this Decree, Defendant shall (i) implement and disseminate to all employees at its Hagerstown plant located at 13302 Pennsylvania Avenue Hagerstown, MD 21742 (the "Hagerstown Facility") an ADA-specific policy, which explains

the rights and responsibilities of employers and individuals with disabilities, including applicants and employees, regarding reasonable accommodation and undue hardship. The policy shall further explain Defendant's duty to engage in the interactive process with qualified applicants and employees and identify examples of reasonable accommodations to ensure that Defendant provides reasonable accommodations for employees with disabilities when required by the ADA; (ii) publicize the new policy to all present and future employees of its Hagerstown Facility; and (iii) adhere to the new policy.

7. Within sixty (60) business days from the entry of this Decree, Defendant shall amend the Employment Policy - Post Offer Medical and Drug Evaluation applicable to its Hagerstown Facility to explain that to the extent it suspects that an applicant's or employee's lawful use of prescription medication may pose a threat to the applicant, employee, or others in the workplace, Defendant will assess, through the ADA's interactive process, the extent to which that threat constitutes a direct threat as defined under the ADA and, if so, whether any available reasonable accommodations would reduce the safety risk to an acceptable level. Within the same period, Defendant shall distribute its amended Employment Policy - Post Offer Medical and Drug Evaluation to all current employees of its Hagerstown Facility.

Reminder Regarding Substance Abuse Policy & Lawfully Prescribed Medications

8. Within sixty (60) business days from the entry of this Decree, Defendant shall publish an internal communication to all employees and agents of Defendant at its Hagerstown Facility who are directly responsible for conducting or reviewing pre-employment drug screening and physical examinations (including Medical Review Officers) reminding those employees that, under Defendant's Employment Policy - Post Offer Medical and Drug Evaluation: (1) applicants and/or employees shall not be excluded from employment simply by virtue of testing positive for a lawfully prescribed medication (including suboxone) or their participation in a treatment program involving the use of

lawfully prescribed medication; and (2) to the extent Defendant suspects that an applicant's or employee's lawful use of prescription medication may pose a threat to the applicant/employee or others in the workplace, Defendant will assess, through the ADA's interactive process, the extent to which that threat constitutes a "direct threat" as defined under the ADA and, if so, whether any available reasonable accommodations would reduce the safety risk to an acceptable level.

9. Within thirty (30) business days of such publication, Defendant shall provide certification by U.S. mail or e-mail to Trial Attorney Chioma Chukwu, in accordance with Paragraph 18 below that the reminder was distributed.

### Anti-Discrimination Training

10. Within ninety (90) business days from the entry of this Decree, Defendant shall conduct live interactive training on the ADA, and the policies identified in Paragraphs 6 and 7, with particular focus on the requirements and prohibitions of the ADA as it relates to drug screening and the use of lawfully prescribed medications. The training shall include the following:

   a. An explanation of the employer's obligation to conduct an individualized assessment in determining whether an applicant or employee is disabled under the ADA;

   b. A list of appropriate methods for determining whether an applicant or employee poses a direct threat as defined by the ADA, including but not limited to the use of medical and vocational rehabilitation expertise and opinions; and

   c. An explanation of the employer's obligation to engage in the interactive process under the ADA.

This training shall be provided to all existing employees of its Hagerstown Facility who are responsible for, or involved in, the pre-employment drug screening and/or physical examination process, as well as any human resources and/or legal department employees of its Hagerstown Facility responsible for or involved in providing internal guidance on pre-employment drug screening and/or physical examination processes for the same. The training shall be conducted by a qualified individual

with experience with laws prohibiting employment discrimination on the bases described in this Paragraph, subject to the approval of the EEOC.

11. At least ten (10) business days prior to the commencement of the training session prescribed in Paragraph 10 above, Defendant shall provide Trial Attorney Chioma Chukwu with a copy of the training's agenda, in accordance with Paragraph 18 below.

12. During the period of the Consent Decree, Defendant shall, within sixty (60) calendar days of hire, provide training described in Paragraph 10 of this Decree, for all new Hagerstown Facility human resources employees who are involved in or responsible for reviewing drug screening and/or physical examinations, as part of its onboarding and training process. Such training may be accomplished by having new employees review video of the live training presentation prescribed in Paragraph 10 above.

13. Within ten (10) calendar days from the date of training prescribed in Paragraph 10 above, Defendant shall certify to the Commission that it has trained employees in accordance with Paragraph 10. In years two (2) and three (3) of the Consent Decree, Defendant shall certify to the Commission on an annual basis that it has trained employees at its Hagerstown Facility in accordance with Paragraph 12 above.

### Notice and Postings

14. Within ten (10) business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the Hagerstown Facility by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted at its facilities.

15. Within ten (10) business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted in the Hagerstown Facility, Exhibit A ("Notice to

Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall also be signed by an officer of Defendant, with the date of actual posting shown thereon. Should the Exhibit become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibits are posted in the same manner as heretofore specified. Within fifteen (15) business days of approval of this Decree, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice (Exhibit A) and written certification that all Exhibits have been posted and a statement of the location(s) and date of posting.

## Monitoring Provisions

16. Beginning six (6) months after entry of this Decree, and on a biannual basis thereafter during the three year Consent Decree time period, Defendant shall submit to the Commission a letter stating whether it has denied employment to any applicant based on their participation in a medication-assisted treatment and/or a supervised drug rehabilitation program, and/or who tested positive for suboxone and/or any other addiction treatment medication during the pre-employment drug screening and/or physical process. Should there be such applicants and the Commission requests additional information concerning their non-hire, consistent with paragraph 17, Defendant shall provide the Commission reasonable access to relevant records upon reasonable notice.

17. The EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises and records, and through interviews with employees of Defendant at reasonable times with reasonable prior notice to the Defendant and its counsel and at a time mutually agreed upon by the Parties. Upon ten (10) calendar days' written notice by the Commission, Defendant shall provide the Commission reasonable access to its Hagerstown facility's non-privileged records and employees.

18. All materials required by this Decree shall be mailed or emailed to:

Equal Employment Opportunity Commission
Baltimore Field Office

Attention: Chioma Chukwu, Trial Attorney
31 Hopkins Pl., 14th Fl.
Baltimore, Maryland 21201
Chioma.chukwu@eeoc.gov

or such other employee as the Commission shall subsequently advise Defendant that such materials shall be sent.

19. The Commission and Defendant shall bear their own costs and attorneys' fees.

20. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of its respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

Respectfully submitted,

FOR PLAINTIFF:

FOR DEFENDANT:

/s/ Debra Lawrence
Debra M. Lawrence
Regional Attorney

/s/ Stephanie Baron
Suzzanne Decker
Stephanie Baron
MILES & STOCKBRIDGE PC
100 Light St.
Baltimore, MD 21202
Phone (410) 385-3463
sbaron@milesstockbridge.com

/s/ Maria Salacuse
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

/s/ Chioma Chukwu
Chioma Chukwu
Trial Attorney

*Counsel for Defendant* Volvo Group North America, LLC

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
31 Hopkins Pl., 14th Fl.
Baltimore, Maryland 21201

(Signed by Chioma Chukwu with permission of Stephanie Baron)

*Counsel for Plaintiff Equal Employment Opportunity Commission*

**SO ORDERED.**

Signed and entered this 12th day of JANUARY, 2018.

/s/ George L. Russell, III

George L. Russell, III
United States District Judge